## COBIÁN v. ABRIL.

APPEAL from the District Court of San Juan, Sec. I.

No. 190.—Decided April 3, 1908.

CONSOLIDATION OF ACTIONS.—Actions for specific performance of contracts, and for damages, may be united according to the provisions of section 104 of the Code of Civil Procedure.

APPEAL—JUDGMENT CONTRARY TO THE EVIDENCE.—Where the sole purpose of an appeal is to secure the reversal of the judgment on the ground that it is contrary to the evidence, the court cannot examine the evidence and decide whether the findings thereon are erroneous, unless the appeal is taken within 15 days after the rendition of judgment.

DAMAGES AND LOSSES—DEPOSIT OF PRICE OF A PROPERTY.—After considering the complaint, the court held that it did not constitute facts sufficient to constitute a cause of action to recover damages and losses, because the value or the price of the property in litigation was deposited in the bank in the name of the plaintiff, so that he could draw against it at will, instead of making the offer and consignation provided for by the Civil Code.

The facts are stated in the opinion.

*Messrs. Sweet, Rossy & Campillo* for appellant.

*Mr. Miguel Guerra* for respondent.

MR. JUSTICE FIGUERAS delivered the opinion of the court.

This case commenced with a sworn complaint reading as follows:

The plaintiff, Modesto Cobian y Muñiz, of age, and a resident of the town of Bayamón in this judicial district, represented by his counsel, Miguel Guerra Mondragon, appears and has the honor to state and allege, as may be proper in law:

"I. That the defendant, Julio Osvaldo Abril, of age, a resident of Aguadilla, Island of Porto Rico, is the attorney in fact of José T. Silva, a resident of Paris, France.

"II. That the said José T. Silva is the owner of the following estate:

"A rural property called San Antonio, situated in the *barrio* of Juan Sánchez, in the municipality of Bayamón, consisting of 626 *cuerdas* and 2,768 square varas of land; bounded on the north by the Río Grande de Bayamón, by lands belonging to Rafael Cofiño, and by the road from Bayamón to Río Piedras; on the south by lands belong-

ing to Angel Umpierre, Beatriz Alós, and José R. Carazo; on the east by property of Ventura Andino, Juliana Velázquez, and the Estate of Montell; and on the west by property of Emilio Montilla, and the Bayamón-Cuainabo Road.

"III. That on August 31 of the current year 1906, Federico Schomburg, as the manager of the firm of J. T. Silva Banking & Commercial Co., in the name and on behalf of the defendant, Julio Osvaldo Abril and the principal of the latter, José T. Silva, offered to sell to the plaintiff, Modesto Cobian y Muñiz, the said estate of San Antonio, according to a letter which he sent him, reading as follows:

"San Juan, P. R., August 31, 1906. Mr. Modesto Cobian, Bayamón. Dear Sir and Friend: Referring to the letter which we had the pleasure of addressing you on the 25th instant, we again write you for the purpose of informing you that we have received from Paris from our Mr. José T. Silva an answer to the cablegram we sent him submitting your offer with respect to the San Antonio plantation which you desire to purchase. According to what our said Mr. Silva says, he is willing to sell the plantation for the sum of $20,000 net, or what amounts to the same thing—that is, the amount which he would have received as the value of the said property, the value of the annuities thereon being assumed by you, and you would be obliged to respect the rights of the present lessee of the estate under the contract in force. These are the terms of the answer of our Mr. Silva, which we take pleasure in communicating to you, remaining your obedient servants and friends, J. T. Silva Banking & Commercial Co. (Signed) F. Schomburg."

"IV. That on the 5th instant the plaintiff, Modesto Cobian y Muñiz, verbally accepted in every respect the offer described in the preceding statement, and on the same day, after the contract had been consummated, both contracting parties, by common agreement, fixed the 8th instant for reduction to a public deed of the contract for the sale of said rural estate of San Antonio, with the stipulations, price, and conditions set forth in the preceding statement of fact; it was further agreed that the parties to the deed to be executed before the notary were to be Julio Osvaldo Abril, as the attorney in fact and agent of the owner of said estate, José T. Silva, and the plaintiff, Modesto Cobian y Muñiz, the former as vendor and the latter as vendee.

"V. The plaintiff alleges that, on the day agreed on by both parties for the execution of said deed, he called on the defendant to execute

the contract, informing him at the same time that he had deposited in the bank, subject to his disposition, the sum of $20,000, the price of the sale of said estate of San Antonio.

"VI. That the defendant, Julio Osvaldo Abril, refused and still refuses to carry out the agreement and to reduce to a public deed the contract entered into, to the grave prejudice of the interests of the plaintiff.

"VII. That by reason of the refusal of the defendant to perform the contract of sale entered into, the plaintiff has been prejudiced in his interests and business, suffering damages in the sum and amount of $1,000.

"In view of the facts alleged, the plaintiff, Modesto Cobian y Muñiz, prays this honorable court to admit and allow this complaint, and, in due time, after compliance with the formalities of law, to condemn the defendant:

"1. To execute in favor of the plaintiff the deed of sale of the estate of San Antonio above described, under the stipulation, price, and conditions agreed on;

"2. To pay the plaintiff the sum of $1,000 for nonperformance of the contract, in addition to the costs arising in this action. Miguel Guerra, Attorney for the Plaintiff."

The defendant in his answer denied the existence of the contract, alleging that it had never been perfected, and the damages claimed, and further adds that, even assuming that an agreement existed, delay for a few days in the performance thereof could not cause the plaintiff the damages which he claims.

The trial was held upon this complaint and answer and the Judge of the First Section of the District Court of San Juan rendered judgment on May 9, 1907, which was entered, as stated, on the 14th of said month and year as of the 10th, which was the date on which it should have been entered.

By this judgment the judge, considering the allegations, the evidence and arguments of counsel, and upon the grounds set forth in his opinion, which is separate from the judgment, held that the law and the facts were in favor of the plaintiff, Modesto Cobian y Muñiz, and adjudged Julio O. Abril, as the attorney in fact of J. T. Silva, to execute in favor of the for-

mer a deed of the sale of the estate of San Antonio, the situation, area and boundaries of which are described, and that it be executed upon the delivery by the plaintiff to the defendant at the time thereof of the sum of $20,000, the purchaser assuming the annuities (censos) constituting a charge on said estate and also respecting the rights of the present lessee under his contract; and the defendant was further adjudged, in his said capacity, to pay the plaintiff damages in the sum of $1,000 and costs.

An appeal was taken from this judgment on June 10, 1907.

The transcript of the record was received in the Supreme Court and contains a statement of the case approved by the trial judge.

The appellant filed a brief and at the hearing, which was had on October 4 last, counsel for the parties made oral arguments, the respondent alleging that the judgment should be affirmed because the appeal had been taken out of time.

On the following day both parties were granted a period of 12 days for filing briefs setting forth what they might deem proper as to the right of this Supreme Court to consider the evidence heard, the appeal having been taken after the expiration of 15 days from the date judgment was rendered, and also as to whether the facts set forth in his opinion by the district judge, which was made part of the record, could be considered.

The period granted and even more elapsed, until March 5 last, without either counsel presenting the brief above referred to.

Two causes of action have been united in the complaint, one relating to the performance of the contract, the existence and perfection of which the plaintiff alleges, and the other relating to damages alleged to have been caused the plaintiff by the refusal of the defendant to carry out the contract and reduce it to a public deed.

Of course the consolidation of these two causes of action is authorized by section 104 of the Code of Civil Procedure.

With regard to the first, the complaint clearly alleges sufficient facts to constitute the cause of action. The statement is made in ordinary and concise language which presents the genesis of the cause of action asserted.

Everything alleged in the complaint as to the existence and perfection of the contract constitutes facts susceptible of proof, and when the judge who sat at the trial decided in favor of the plaintiff on this point, it is evident that he held that the latter had established his right of action.

The appellant has not submitted to our consideration any error of law independent of any fact which may have been the subject of proof at the trial, nor has he established that if such error were corrected the point at issue with relation to the contract should be decided in his favor, and therefore the exclusive purpose of his appeal is to contest the judgment on the ground that it is not supported by the evidence.

But in order that such opposition may place us in a position to consider the evidence and decide whether the findings thereon were erroneous, it is necessary that the appeal should have been taken within 15 days after the rendition of judgment, but said judgment was rendered on May 9, 1907, and the appeal was taken on June 10, and consequently the specific term which the law provides in this case had elapsed by a considerable period.

The law to which we refer is the Code of Civil Procedure, the pertinent part of section 295 thereof reading as follows:

\* \* \* \* \* \* \*

"But an exception to the decision or verdict, on the ground that it is not supported by the evidence, cannot be reviewed on an appeal from the judgment, unless the appeal is taken within 15 days after the rendition of the judgment."

In this respect the judgment appealed from must necessarily be upheld.

This point of view is not a new one. This Supreme Court, guided by the doctrine established by the Supreme Court of California, has maintained it in a large number of cases.

See the following cases: *Rafael Valentín. Román* v. *The American Railroad Co. of Porto Rico,* 3 P. R. Rep., p. 31; *Estate of Maisonave* v. *Julian Maisonave et al.,* 13 P. R. Rep., p. 254; *Sucesores de Oliva & Co.* v. *J. Matienzo & Co.,* 13 P. R. Rep., p. 285; *José I. Esteras* v. *Josefa Ríos Colón et al.,* 13 P. R. Rep., p. 376; *Ricardo Ortiz Ríos* v. *Trinidad Molina,* 13 P. R. Rep., p. 388; and *Pedro Muñoz Lamberty et al.* v. *Juan Vicenty y Ramos,* 14 P. R. Rep., p. 156.

There is no reason whatsoever justifying a change now and we sustain the same doctrine.

In so far as the damages are concerned, as the complaint forms part of the judgment roll, according to the provisions of section 233 of the said code, we can and must examine it to ascertain whether it alleges facts constituting a cause of action for the recovery of damages as claimed in the sum of $1,000.

We see absolutely nothing in the complaint to warrant such claim for damages, unless it be ''the deposit'' made in ''the bank'' of the $20,000 at the disposition of Julio O. Abril. It is not clear whether said amount was deposited in the name of the latter, although it may be deduced from a perusal of the fifth statement of fact that its correct meaning is that the deposit was made in the name of the plaintiff, although the defendant was informed that it was at his disposition.

But the method employed in no way deprived Cobian of the right to draw on said money and make operations of all kinds from which he might have secured great profits.

This money, if it remained ''dead,'' so to say, in the bank, it was not due to the fault of the defendant, who could not prevent its withdrawal or investment in any way which the plaintiff might have seen fit.

It would have been different if the tender of payment of the purchase price and the deposit in court, in a proper case, had been made in accordance with the requirements of the Civil Code.

It is not sufficient to allege merely the nonperformance of a contract and consider damages to be inherent thereto. When such damages do not clearly and spontaneously arise from nonperformance, it is necessary to allege, even though it be in ordinary and concise language, as required by the provisions of section 103 of the Code of Civil Procedure, the facts from which they are derived, in order that the defendant may have an opportunity to ascertain them and enter court prepared to defend himself.

Hence, as we cannot see from the complaint any ground for claiming damages because the money, as alleged to have been deposited, was subject to the order of the depositor, and nothing is alleged to show that he suffered any loss or that any opportunity offered for him to make a profitable transaction and that he was unable to do so or that the loss was caused by the defendant.

The complaint, therefore, does not state facts sufficient to constitute a cause of action as to the damages claimed.

And we will not take under consideration this omission as we have on other occasions, notwithstanding the silence of the defendant, because we are authorized to do so by section 109 of the said Code.

In brief, as the complaint conforms to the provisions of the law of procedure and because we cannot examine the evidence, the judgment appealed from must be affirmed in so far as it adjudges Julio O. Abril, as the attorney in fact of José T. Silva, to execute the deed of sale in favor of Modesto Cobian y Muñiz, in the form and manner indicated in said judgment, and it is reversed in so far as it adjudges the payment to the plaintiff of damages in the sum of $1,000, without any special taxation of the costs of the action and of the appeal.

Judgment should be rendered by this Supreme Court in this sense, and it is ordered that it be communicated to the Judge of the First Section of the District Court of San Juan, with the proper copies, for the proper purposes.

*Partially reversed.*

Chief Justice Quiñones and Justices Hernández, MacLeary and Wolf concurred.